```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                       JACKSONVILLE DIVISION
```

UNITED STATES OF AMERICA

vs.                                              3:06-cr-212-J-33MMH

THOMAS D. KING
_____

## ORDER

This cause comes before the Court pursuant to Defendant's Motion in Limine, or in the Alternative, Request for Cautionary Jury Instructions (Doc. # 54), filed on August 17, 2006. The Government's Response (Doc. # 59) was filed on August 18, 2006. For the reasons stated below, Defendant's motion is due to be denied.

Defendant's motion requests that the Court

> enter an order excluding from evidence any evidence or testimony of any plea agreement between the government and witness Thomas Brown ("Brown"). In the alternative, King requests the Court to (1) preclude admission of any evidence or testimony as to the Factual Basis and/or Personalization of any plea agreement between the government and witness Brown, or of any written documentation of any such plea agreement, and (2) preclude Brown from testifying a to his opinion regarding whether King was engaged in any criminal activity.

(Doc. # 54, p. 1.)

Alternatively, if evidence relating to Brown's plea is admitted, King requests that the Court to issue both cautionary and final jury instructions regarding the proper, limited use by the jury of any such evidence or testimony. (Id.) If cautionary instructions are to be given, Defendant "objects to that portion in

the Eleventh Circuit Pattern Jury Instructions, Special No. 1.2, that states that such a plea 'is not evidence, in and of itself, of the guilt of any other person.'"  (Doc. # 54, p. 3.)

It is well-established that it is improper to use evidence of one person's guilty plea to establish the guilt of another. United States v. DeLoach, 34 F.3d 1001, 1004 (11th Cir. 1994).  However, proper purposes exist for the admission of evidence regarding a plea agreement.  Id.  Such proper purposes include: (1) evincing witness credibility; (2) bracing for cross-examination; (3) preventing the jury from thinking that the witness escaped liability for culpable behavior.  Id.

Applying the Federal Rule of Evidence 403 balancing test, the Court finds that evidence of Brown's plea agreement is probative of the above noted factors, and the probative value is not substantially outweighed by the prejudicial effect.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

Defendant's Motion in Limine, or in the Alternative, Request for Cautionary Jury Instructions (Doc. # 54) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 22nd day of August, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

```
AUSA
Counsel of Record
```