UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

vs.                                                     3:06-cr-212-J-33MMH

THOMAS D. KING
_____

**ORDER**

This cause comes before the Court pursuant to the United States' Motion Requesting the District Court to Place on the Record Its Previous "Ends of Justice" Findings and Motion for an Extension of Time to Respond to Defendant King's Motion to Dismiss for Speedy Trial Violation (Doc. # 140), filed on September 6, 2006.  In its motion, the Government summarizes the various continuances that have been granted in this case and asks the Court to make certain findings on the record.

Defendant was initially indicted in this case on February 22, 2005.  (King I, Doc. # 1.)  Originally assigned to the Honorable Harvey E. Schlesinger, the case was set for trial in accordance with the requirements of the Speedy Trial Act.  As the case progressed, the parties moved for a number of continuances, many of which were requested by Defendant.

In one such motion to continue the trial (Doc. # 46), Defendant noted that suppression and dismissal motions had just been filed, which, he argued, necessitated an continuance of the

1

trial.  According to Defendant, because the trial was only months away,

> [g]iven the complexity of this case and, consequently, the attendant complexity of trial preparation, identification of exhibits, witness subpoenas, expert witness schedules, and the multitude of other trial preparation issues and tasks, receiving the benefit of the Court's guidance at a time period so close to the trial date will cause great stress and difficulty for trial counsel.

(King I, Doc. # 46, pp. 1-2.)  The Government's Response (King I, Doc. # 47) requested that Defendant's motion be denied, but if the motion were granted, the Government requested that any continuance be for no more than two months.  (King I, Doc. # 47, p. 2.)

Judge Schlesinger held a hearing on Defendant's motion on May 19, 2006.  (King I, Doc. # 198.)  At the hearing, counsel for Defendant noted that he had a trial before Judge Schlesinger in another case, which counsel stated was "another concern of mine, trying to prepare for this case while we're" in trial in the other case.  (King I, Hearing Tr., 7, May 19, 2005.)  Counsel further stated that

> I always hate to try to prepare for two complex cases back to back, particularly when I think this one is likely to be a three-week trial.  And so it will take a lot of time to prepare for it, get the subpoenas out, pretrial motions, Motions in Limine, and all of which, of course, depends a great deal on what all may happen with this Indictment.

(Hearing Tr., 8, May 19, 2005.)

After the parties then discussed what length of a continuance would be most appropriate and agreed on a continuance through

October 2005, Judge Schlesinger announced: "Well, that's what I'm going to do. I'm going to grant the motion and make it October 1st." (Hearing Tr., 11-12, May 19, 2005.)

It is clear from the transcript that the basis for Defendant's Motion to Continue Trial was his argument that the case was complex and counsel required additional time to prepare. Without the Supreme Court's guidance in Zedner v. United States, 126 S.Ct. 1976, 1989 (June 5, 2006), the Court was unaware at the time that it was necessary to place its ends-of-justice findings on the record and no such findings were set forth. Thereafter, before Zedner was decided, Judge Schlesinger took senior status and the case was transferred to the undersigned, who now places the requisite findings on the record.[1]

It is apparent that Defendant showed satisfactory grounds for the May 19, 2005 continuance and it is equally clear that the ends-of-justice served by granting the continuances outweighed the best interest of the public and of Defendant in a speedy trial.

---

[1] The Court notes that Zedner does not specifically address a situation such as the one posed in this case, where the judge who granted the continuance no longer presides over the case. The Court believes that it is consistent with Zedner, however, for the undersigned to make these findings, particularly in light of the Zedner Court's statement that, while the findings cannot be made on remand, "the Act is ambiguous on precisely when those findings must be 'se[t] forth, in the record of the case.'" Zedner, 126 S.Ct. at 1989. The Court went on to say that "[h]owever this ambiguity is resolved, at the very least the Act implies that those findings must be put on the record by the time a district court rules on a defendant's motion to dismiss under § 3161(h)(8)." Id.

Furthermore, granting the continuance served the ends-of-justice by allowing effective preparation of counsel and because the case is unusual or too complex to expect preparation within the time limits if the continuance had not been granted.  Additionally, because of the timing of Defendant's motions and the amount of time that Defendant represented to the Court that it would require to review and rule upon the motions, without a continuance counsel would have been deprived of the reasonable time necessary for effective preparation if the continuance had been denied.

For reasons stated herein the Government's motion is granted to the extent that the Court has made ends-of-justice findings as to the May 19, 2006 continuance and that particular continuance shall be considered excludable time within the terms of 18 U.S.C § 3161.  As to the remaining continuances discussed in Government's motion, the Court does not find it appropriate to make the requested findings and the Government's motion is denied as to those continuances.

Accordingly, it is now

**ORDERED, ADJUDGED** and **DECREED:**

The United States' Motion Requesting the District Court to Place on the Record Its Previous "Ends of Justice" Findings and Motion for an Extension of Time to Respond to Defendant King's Motion to Dismiss for Speedy Trial Violation (Doc. # 140) is **GRANTED IN PART, DENIED IN PART**.

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 14th day of September, 2006.

                                              VIRGINIA M. HERNANDEZ COVINGTON
                                              UNITED STATES DISTRICT JUDGE

Copies:

AUSA
Counsel of Record