```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    JACKSONVILLE DIVISION
```

UNITED STATES OF AMERICA

vs.                                           3:06-cr-212-J-33MMH

THOMAS D. KING
_____

**ORDER**

This cause comes before the Court pursuant to Defendant Thomas D. King's Motion to Dismiss for Speedy Trial Violation (Doc. # 82), filed on August 22, 2006. The Government's Response (Doc. # 211) was filed on September 21, 2006. Because the Court finds no violation of Defendant's rights under the Act, the Motion to Dismiss is due to be denied.

**I.   BACKGROUND**

On February 22, 2005, a grand jury initially indicted Defendant on twenty-three felony counts, including mail fraud, wire fraud, and money laundering. (King I, Doc. # 1.) At his arraignment, an initial trial date was set for May 2, 2005. (King I, Doc. # 20.) Since that time, the Court granted a number of continuances at the parties' request.

Concerned that certain of those continuances may not count as excludable time after the Supreme Court's recent decision in Zedner v. United States, 126 S. Ct. 1976 (June 5, 2006), the Government moved to dismiss without prejudice the original indictment on July

1

7, 2006.  (King I, Doc. # 203.)  Defendant opposed the motion to dismiss because he argued that any dismissal should be with prejudice.  (King I, Doc. # 205.)  The Court granted the Government's motion on July 12, 2006 (King I, Doc. # 206) and the Government obtained a replacement indictment the same day (King II, Doc. # 1).

When Defendant was arraigned on the second indictment on July 14, 2006, the Magistrate Judge considered dates for an appropriate deadline for dispositive motions and motions for the District Judge.  At that time, Defendant assured the Court that he would not file any further dispositive motions. (See King II, Doc. # 16, p. 7.)  At the arraignment, the Magistrate Judge advised the parties that although jury selection would begin on August 8, 2006, the trial would not commence until August 16, 2006.  (King II, Doc. # 9.)  Later that day, Defendant filed his Notice of Adoption of Government's Speedy Trial Position, stating that it was Defendant's position that he could not be forced to proceed to trial less than thirty days from the date of his first appearance through counsel. (Id.)

At the July 31, 2006 status conference, the Court set a dispositive motions deadline of August 15, 2006, but Defendant's counsel again assured the Court that he did not plan to file any further dispositive motions.  (King II, Doc. # 29, p. 1.)  Based on Defendant's Notice of Adoption, the Court stated that it would

not begin the trial before thirty days had passed after the arraignment and, due to the illness of a key witness in another pending criminal case, the other trial would proceed before Defendant's.

The other criminal case went to the jury on August 22, 2006 and the Court notified the attorneys in this case that Defendant's trial would begin on August 23, 2006.  That same day, amid a flurry of last-minute pretrial motions, Defendant filed a Motion to Dismiss for Speedy Trial Violation, arguing that Defendant was not brought to trial within the seventy day time period provided for under the Speedy Trial Act.  (Doc. # 82.)  On August 23, 2006, the Court held a lengthy hearing on several pending motions and, although Defendant was given several opportunities to alert the Court to his late-filed dispositive motion, he failed to do so.  In fact, when the Court asked Defendant's counsel if he had any other matters to be addressed on that day, Defendant's counsel raised a housekeeping matter regarding cell phones but did not mention the dispositive motion.  At the conclusion of the hearing, the Court again asked "So, is there anything else that we can cover today?" (King II, Trial Tr., 275, August 23, 2006) and Defendant remained silent.  (Id.)  In sum, Defendant made no effort to draw the Court's attention to the fact that he had, contrary to his promises to the Court, filed an untimely dispositive motion.

When the Court had concluded the necessary hearings, it began

the trial in the late morning of August 24, 2006. On September 14, the jury convicted Defendant of all twenty-three counts in the indictment.

## II. MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION

Defendant's motion makes two primary arguments: (1) the Government did not successfully re-set the Speedy Trial clock when it re-indicted Defendant on July 12, 2006 and (2) the Government has incorrectly asserted that certain continuances were accountable to Defendant. The Court rejects both arguments. Regardless of whether the Speedy Trial clock was re-set by the new indictment, Defendant's Speedy Trial rights were not violated since fewer than seventy non-excludable days passed between the initial appearance and the trial. As set forth below, even assuming that (1) neither of the continuances discussed in Defendant's motion were valid under <u>Zedner</u> and (2) Defendant's waivers of Speedy Trial were ineffective, there has been no violation of Defendant's right to a Speedy Trial.

### A. Whether the Speedy Trial Clock was Re-Set by the New Indictment

The Court finds that it is immaterial whether the Speedy Trial clock was re-set by the new indictment in this case. According to the Court's conservative calculations, regardless of whether the clock was re-set, fewer than seventy non-excludable days passed

between Defendant's original indictment and his trial.[1]

### B.  Whether Continuances Were Accountable to Defendant

The Court also rejects the argument that Defendant's Speedy Trial rights were violated because certain continuances were allegedly accountable to the Government, not Defendant.  Defendant argues that the continuation of the March 2006 trial date was the fault of the Government, not the Defendant, and that "over four and a half months of time lost in this case were a direct result of the government's efforts to require King to waive his entitlement to effective assistance of counsel."  (Doc. # 82, p. 9.)  Defendant also asserts that he was compelled to file his third motion to continue because the Government had been given a sixty-day extension of time to respond to his motions to strike and dismiss the indictment. (Doc. # 82, p. 9.)

To begin, Defendant has failed to set forth a legal basis for his argument that the continuances should not count as excludable time under the Act if the Government is at fault for the

---

[1]  While the Court relies solely on its own calculation of Speedy Trial, which indicates that fewer than seventy non-excludable days passed between Defendant's initial appearance through counsel and the beginning of his trial, it notes that the Government's Response (Doc. # 211) also sets forth a calculation of excludable time under the Act.  The Government's calculations excluded only (1) the dates of arraignment; (2) time periods provided by the Court's scheduling order in which to file dispositive orders; and (3) the time periods where motions were filed and pending.

continuance.[2]  The language of the Act states that "any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).  Thus, the Act does not concern itself with which party is at "fault" for the purposes of calculating excludable time.

Far more importantly, the Court notes that its conservative calculations indicate that Defendant's right to a speedy trial was not violated.  The Court's calculations assume that (1) neither of the continuances discussed in Defendant's motion were valid under <u>Zedner</u> and (2) Defendant's waivers of Speedy Trial were ineffective.

Where a continuance in this case was granted without the findings dictated in <u>Zedner</u>, the Court has not counted the period

---

[2]   In the absence of citations to legal authority, the Court can only conclude that perhaps Defendant has confused the analysis of excludable time with the analysis of whether a dismissal for speedy trial violation should be with or without prejudice.  <u>See</u> 18 U.S.C. § 3162(a)(2)(stating that the Court may dismiss the case either with or without prejudice and, when determining the nature of the dismissal, the Court "shall consider, among others, each of the following factors . . . the facts and circumstances of the case which led to the dismissal . . .").

6

of delay as excludable time under 18 U.S.C. § 3161(h)(8)(A). However, in both of the continuances discussed in Defendant's motion, excludable time was created throughout the period by the following:

    Doc. # 71    Defendant's Motion for Discovery
                     Filed: 9/19/05
                     Order Entered: 11/4/05

    Doc. # 80    Defendant's Motion to Continue Hearing
                     Filed: 10/20/05
                     Order Entered: 10/20/05

    Doc. # 83    Government's Motion in Limine
                     Filed: 10/26/05
                     Order Entered: 11/23/05

    Doc. # 84    Government's Motion to Take Judicial Notice
                     Filed: 10/26/05
                     Order Entered: 11/23/05

    Doc. # 94    Motion Hearing
                     Held on: 10/27/05

    Doc. # 95    Defendant's Motion to Seal
                     Filed: 10/27/05
                     Order Entered: 10/27/05

    Doc. # 96    Defendant's Motion for Identification of Attorney/Client Privileged Documents
                     Filed: 10/27/05
                     Order Entered: 12/13/05

    Doc. # 86    Defendant's Second Motion to Dismiss
                     Filed: 10/31/05
                     Order Entered: 11/23/05

    Doc. # 88    Government's Motion in Limine
                     Filed: 10/31/05
                     Order Entered: 11/23/05

    Doc. # 91    Defendant's Second Motion to Strike
                     Filed: 11/1/05
                     Order Entered: 11/23/05

    Doc. # 93         Defendant's Motion for Issuance of Subpoenas
                           Filed: 11/2/05
                           Order Entered: 11/8/05

    Doc. # 101        Defendant's Motion in Limine
                           Filed: 11/4/05
                           Order Entered: 11/23/05

    Doc. # 104        Government's Motion for Protection of Trial Date
                           Filed: 11/14/05
                           Order Entered: 12/9/05

    Doc. # 110        Status Conference
                           Held On: 11/29/05

Similarly, while the Court does not count the continuance from the March 2006 trial term to the June 2006 trial term as excludable time under § 3161(h)(8)(A), it notes that excludable time was created throughout the period by the following:

    Doc. # S-53        In Camera Motion for Production of Transcript
                           Filed: 2/14/06
                           Order Entered: 3/1/06

    Doc. # 166        Defendant's Motion in Limine
                           Filed: 2/15/06
                           Order Entered: 5/31/06

    Doc. # 169        Defendant's Motion to Amend/Correct Scheduling Order
                           Filed: 3/2/06
                           Order Entered: 3/7/06

    Doc. # S-70        Defendant's Motion to Reconsider
                           Filed: 3/3/06
                           Order Entered: 3/3/06

    Doc. # S-72        Government's Motion for Additional Time to File
                           Filed: 3/13/06
                           Order Entered: 3/14/06

    Doc. # 172        Defendant's Motion to Continue Trial

|  |  |
|---|---|
|  | Filed: 4/14/06<br>Order Entered: 5/9/06 |
| Doc. # 174 | Government's Motion to Extend Lis Pendens<br>Filed: 4/19/06<br>Order Entered: 5/31/06 |
| Doc. # 175 | Government's Motion to Discharge Lis Pendens<br>Filed: 4/25/06<br>Order Entered: 5/31/06 |
| Doc. # S-79 | United States' Motion for Early Subpoena<br>Filed: 5/30/06<br>Mooted by Amended Motion: 5/31/06 |
| Doc. # S-81 | United States' Amended Motion to Compel Early Response to Subpoena<br>Filed: 5/31/06<br>Order Entered: 8/1/06 |

In sum, the Court concludes that Speedy Trial did not run in this case, regardless of whether (1) the Speedy Trial clock was re-set by the new indictment or (2) the continuances in question created excludable time. For these reasons, the Motion to Dismiss is due to be denied.

**III. GOVERNMENT'S RESPONSE**

The Government urges the Court to find that Defendant (1) retrospectively waived his right to a Speedy Trial; (2) induced or invited the alleged error; (3) forfeited his Speedy Trial rights by his failure to make a timely assertion of those rights; and (4) should be estopped from prevailing on his motion because of the assurances he made to the Court and his purposeful failure to bring his claim to the Court's attention. (Doc. # 211, pp. 10-20.) However, because it finds that no violation of Defendant's Speedy

9

Trial rights has occurred, an analysis of the Government's arguments is not necessary.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Thomas D. King's Motion to Dismiss for Speedy Trial Violation (Doc. # 82) is hereby **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida this <u>6th</u> day of October, 2006.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

AUSA
All Counsel of Record