**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                             3:06-cr-212-J-33MCR

THOMAS KING
_____

# **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Defendant's Amended Motion for Costs of Transcripts (Doc. 312) filed on July 16, 2007. Defendant King requests this Court enter an order permitting the costs of transcripts to be paid through the provisions of the Criminal Justice Act. This Court previously found that Defendant is indigent and the transcripts were necessary for Defendant King's adequate defense. (Docs. 330 and 334). However, because Defendant King had not advised the Court regarding the costs of the requested transcripts, the Court limited expenses to the statutory amount allowed, i.e., $1600.00. (Doc. 334). Thereafter, Defendant King filed an objection (Doc. 335) and on November 7, 2007, the District Judge presiding over this case referred this matter to the undersigned for issuance of a Report and Recommendation determining the exact cost of the requested transcripts, including any hearings, motions, and deadlines related thereto. (Doc. 337). In the Order, the District Judge noted that Defendant King "will be required to file documentation detailing the costs for each transcript requested, and an explanation verifying why each transcript requested is

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within ten (10) days after service of this document. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

necessary for his adequate defense." (Doc. 337). The District Court Judge further advised Defendant King, as the undersigned has done on several previous occasions, that per the relevant statute, any amount of $1600.00 will have to be approved by the chief judge of this circuit. Id.

Pursuant to the District Court's Order, the undersigned directed Defendant to file documentation detailing the costs for each transcript requested and an explanation verifying why each transcript requested is necessary for his adequate defense. (Doc. 339). Defendant King filed such documentation (Doc. 340) on November 26, 2007 and the undersigned is satisfied that the transcripts requested by Defendant King are necessary for his adequate defense with regard to the issues he intends to raise on appeal. Additionally, the undersigned has considered the costs for each of the requested transcripts and finds that such costs exceed the statutory amount of $1600.00.[2] Thus, the undersigned recommends Defendant's Motion should be granted.

---

[2] Defendant submitted an itemized breakdown of each of the requested transcripts, which was kindly prepared for Defendant by a court reporter of this Court. According to this itemization, the total cost for all of the requested transcripts totals $11,066.65. The Court, having calculated the costs itself – and using the rates prescribed by the court reporter, i.e., the rate of $3.65 per page for pages not previously transcribed and $.90 per page for pages previously transcribed – found the total cost to be $496.40 less than the $11,066.65 total represented by Defendant. Thus, the Court's calculation for the cost of requested transcripts totaled $10,570.25.

The discrepancy in the calculation is a result of a different calculation for the transcript related to the jury trial on August 25, 2006. (Doc. 340, Ex. 1). Notably, the transcript contains an estimated number of 300 pages, of which 258 have already been transcribed. Thus, a remaining 42 pages are required to be transcribed at a rate of $3.65, totaling $153.33. Defendant's calculation notes that 178 pages need to be transcribed at $3.65 per page. It is unclear how Defendant arrived at the number 178, as 258 out of 300 pages have already been transcribed; however, the Court assumes this calculation was nothing more than a clerical error. Nevertheless, the total for the cost of transcripts far exceeds the $1600.00 and thus, pursuant to 18 U.S.C. § 3006A(e)(3), the total cost must be approved by the chief judge of the circuit.

Accordingly, it is hereby

**RECOMMENDED**:

Defendant's Amended Motion for Costs of Transcripts (Doc. 312) be **GRANTED.** Pursuant to 18 U.S.C. §3006A(e)(3) and Form 24 fo the Criminal Justice Act, the undersigned further recommends the District Judge certify to the chief judge of this circuit that an amount of $10,570.25 is necessary to provide fair compensation for the transcripts requested in the proceedings related to Defendant King – proceedings which were of an unusual character and duration.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  27th  day of November, 2007.

                                     *Monte C. Richardson*
                                     MONTE C. RICHARDSON
                             UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Virginia M. Hernandez Covington
United States District Judge

Counsel of Record
Any Unrepresented Party