UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                          Case No.:  3:06-cr-212-J-33MCR

THOMAS D. KING
_____/

**ORDER**

This matter is before the Court pursuant to King's Motion for Bond Pending Appeal (the "Motion for Bond," Doc. # 370), which was filed on June 4, 2009. The Government filed a Response in Opposition to the Motion for Bond on June 10, 2009 (Doc. # 371). For the reasons that follow, the Court will deny the Motion for Bond.

I. **Background**

This case arises from King's involvement in a complex workers' compensation insurance scheme. The scheme involved the solicitation and sale of fraudulent workers' compensation insurance policies to professional employee organizations. On July 12, 2006, a grand jury returned a twenty-three count indictment against King, charging him with wire fraud, mail fraud, and money laundering (Doc. # 1). After his arrest on July 14, 2006, King was granted pretrial release subject to a $250,000 bond as well as other non-financial conditions (Doc. # 14). On September 14, 2006, after a three week jury trial,

King was found guilty of ten counts of mail fraud, ten counts of wire fraud, and three counts of money laundering (Doc. # 204).

At the conclusion of the reading of the jury's verdict, the Government moved for King's detention pending sentencing, asserting that King was danger to the safety of another person and a danger to the community (Doc. # 194). The Court orally granted the Government's detention motion based upon the Court's observations during trial, and King was remanded to the custody of the United States Marshals awaiting sentencing (Doc. # 195). On September 20, 2006, the Court entered its Order formally revoking King's's bond and vacating the Order setting conditions of King's release (Doc. # 210).

On September 19, 2006, arguing that he was neither a flight nor a safety risk, King filed a motion for reconsideration of the Order revoking his bond (the "Reconsideration Motion," Doc. # 206). King attached character affidavits to the Reconsideration Motion and requested an evidentiary hearing. The Government opposed the Reconsideration Motion, indicating that King "attempted to intimidate AUSA Deveraux" (Doc. # 207). Thereafter, on September 26, 2006, the Court entered its Order denying the Reconsideration Motion (Doc. # 223). The Court explained that

King was not entitled to an evidentiary hearing and further noted, "there is a strong policy on the part of Congress favoring incarceration upon conviction." (Id. at 2 (citing United States v. Bonavia, 671 F. Supp. 752 (S.D. Fla. 1987)). The Court denied the motion because "it could not find by clear and convincing evidence that Defendant would not pose a danger to the safety of any other person or the community if released." (Doc. # 223 at 3).

King appealed the Court's aforementioned detention orders, and the Eleventh Circuit remanded the matter of King's detention to the undersigned for further development (Doc. # 232). On October 20, 2006, in response to the Eleventh Circuit's remand Order, the Court entered a detailed Order describing its observations in support of King's detention:

> Throughout the trial, the Court observed Defendant's body language and actions towards counsel for the Government on numerous occasions. Defendant often appeared highly agitated and angry with counsel for the Government and, at times, with the Court. As the record will reflect, counsel for both sides frequently engaged in intensely heated arguments and verbal sparring. Defendant's conduct during these exchanges frequently exhibited his anger and hostility towards opposing counsel and, at times, the Court. During these exchanges, Defendant's face would become extremely flushed, and through his aggressive posture, strong body language, and sarcastic comments he would demonstrate his anger and frustration regarding the Court's rulings or Counsel's arguments. In one particular instance, the Court observed Defendant

      as he attempted to stare down Attorney Susan Raab as she walked out of the courtroom. The Court interpreted Defendant's body language and facial expressions to be intentionally menacing towards Ms. Raab. Defendant appeared to lock eyes with Ms. Raab and turned and swivelled in his chair so as to continue to stare her down as she walked out of courtroom. It was the Court's observation that Defendant's behavior was meant to intimidate Ms. Raab.

      The Court also observed Defendant's open belligerence toward and apparent contempt for Attorney Mark Devereaux when Mr. Devereaux conducted his cross-examination of Defendant. Although the record will reflect the text of Defendant's responses to Mr. Devreaux's questions, it is incapable of reflecting the defiant manner in which those responses were given. It was the Court's observation that Defendant's behavior during this portion of the proceedings exhibited an disturbing level of contempt for and anger toward Mr. Deveraux.

      In the Court's experience, it is not uncommon for a Defendant to exhibit signs of frustration with the charges that are brought against him. However, Defendant's openly hostile conduct in this case often appeared to be personally directed at counsel for the Government and, at times, the Court. Given the observations detailed herein, the Court concluded that it was unable to find by clear and convincing evidence that Defendant was not likely to pose a danger to the safety of any other person or the community if released. See 18 U.S.C. § 3143(a).

(Doc. # 233 at 1-4).

Thereafter, King requested further proceedings on the issue of his detention. The Court denied King's request, and King, once again, appealed (Doc. ## 234, 235). The Eleventh Circuit expressly denied King's requests as follows:

4

> Section 3143 contains no express requirement for an evidentiary hearing before entry of an order of detention pending sentencing. . . . After observing Appellant's demeanor and body language during the trial, the district court found Appellant's behavior to be menacing and threatening. We can discern no real purpose that would be served by conducting a hearing now, since nothing before the Court suggests that Appellant could offer any evidence which would, in the fact of the district court's unambiguous findings, clearly and convincingly establish that Appellant would not be a danger to the safety of any other person or the community if he were released pending sentence.

(Doc. # 237).

On May 16, 2007, King was sentenced to sixty months imprisonment for counts one through twenty and was sentenced to one-hundred and sixty-eight months imprisonment for counts twenty-one through twenty-three, to be served concurrently (Doc. ## 291, 292). On May 21, 2007, King filed a notice of appeal with the Eleventh Circuit (Doc. # 293), and filed this motion for bond pending appeal (Doc. # 370), on June 4, 2009. The Government filed its response on June 10, 2009 (Doc. # 371).

## II. **Legal Standard**

Whether a defendant may be released pending appeal is governed by 18 U.S.C. § 3143. Section 3143 presumes a defendant's conviction is valid, and a defendant bears the burden of establishing his entitlement to release pending

5

appeal.  United States v. Giancola, 754 F.2d 898, 900-01 (11th Cir. 1985).  To be released pending appeal, a defendant must establish the following by clear and convincing evidence:

(1)  that the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released;

(2)  that the appeal is not for purpose of delay;

(3)  that the appeal raises a substantial question of law or fact; and

(4)  that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

Id. at 901 (citing 18 U.S.C. § 3143(b)(1)).

### III. **Analysis**

While the inquiry of King's requested release pending appeal requires analysis of only four specific elements, as enumerated above, King's Motion for Bond fails to address each of the elements.  In addition, the Government's response to the Motion for Bond contains what appears to be a significant typographical error.  Nevertheless, this Court will undertake its analysis of the Motion for Bond.

### A.  **Risk of Flight**

King submits that he is not flight risk.  Under the subheading "risk of flight" in the Government's response to the Motion for Bond, the Government submits: "The United

6

States does not contend that Defendant King is a danger to the community." (Doc. # 371 at 5). Thereafter, the Government devotes significant analysis to the proposition that King does indeed pose a danger to the community. (Doc. # 371 at 5-6). This Court surmises that the Government's response contains a typographical error and that the Government concedes that King is not a flight risk, but that the Government believes that King poses a danger to another or to the community.

Therefore, this Court will focus on whether King poses a danger to the community; whether his appeal was filed for the purpose of delay; and whether his appeal raises a substantial question of law or fact likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed. King bears the burden on all elements.

### B. Danger to Another or to the Community

King asserts that he presents no danger to the community or other person. He advises that, while incarcerated at the Oakdale, Louisiana facility, he "maintained excellent institutional adjustment in all areas of assigned responsibility and programming." (Doc. # 370 at 4). He also contends that he "was transferred to FCI Jesup, Georgia without escort . . . [and] without incident." (Id.)

This Court has given due consideration to King's

arguments; however, this Court determines that King has not established by clear and convincing evidence that he does not pose a danger to another or to the community if released. As observed by the Government: "Although King's status has changed, that is, he is now a sentenced inmate at the Bureau of Prisons rather than a convicted defendant awaiting to be sentenced, there is no appreciable difference in the current situation than when the United States moved this Court to revoke King's bond following the jury's verdict." (Doc. # 371 at 5).

King's references to his good behavior while incarcerated do not overcome this Court's findings, as enumerated above, regarding King's threatening and belligerent behavior. Nothing more than the passage of time has transpired since this Court revoked King's bond, and King has not established by clear and convincing evidence that the specifically identified dangers have subsided.

Because King must establish each of the requirements of § 3143 by clear and convincing evidence, this Court's determination that he has not carried his burden regarding potential danger to the community necessitates denial of King's motion. Nevertheless, in an abundance of caution, the Court will address whether King has met his burden with

8

respect to the remaining requirements of § 3143.

**C. <u>King's Appeal</u>**

To be granted release pending appeal, King must demonstrate that his appeal was not filed for the purpose of delay and that his appeal raises a substantial question of law or fact. 18 U.S.C. § 3143(b)(1)(B). Furthermore, King must demonstrate that the substantial question of law or fact is likely to result in reversal, an order for a new trial, a sentence that does not impose a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b)(1)(B).

In the seminal case of <u>Giancola</u>, the Eleventh Circuit held that the substantial question of fact or law requirement does not "mean that a court may grant bail only if it finds that its own rulings are likely to be reversed on appeal." 754 F.2d at 900. Rather, "a 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." <u>Id.</u> at 901.

King provides no analysis regarding his appeal. He makes no mention of whether his appeal was filed in good faith, or rather, for the purpose of delay. Furthermore, despite having

9

ample opportunity to do so, King fails to describe a single issue of fact or law presented in his appeal. King's motion merely states, "King filed meritorious arguments in [sic] behalf of his appeal which is pending before this Honorable Court awaiting resolution of Svete." (Doc. # 370).

As a convicted defendant, King squarely bears the burden under Section 3143 to establish entitlement to release pending appeal. The Motion for Bond failed to address, with any detail, a majority of the required elements. On the present record, King is plainly not entitled to release pending appeal.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

King's Motion for Bond Pending Appeal (Doc. # 370) is **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida, this <u>22nd</u> day of June 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record