UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                Case No.:  3:06-cr-212-J-33MCR

THOMAS D. KING
_____/

## ORDER

This matter is before the Court pursuant to the United
States' Motion to Strike Reply to Order to Vacate Order of
Forfeiture (the "Motion" Doc. # 373), filed on July 16, 2009.

## I.   Background

This case arises from King's involvement in a complex
workers' compensation insurance scheme.  The scheme involved
the solicitation and sale of fraudulent workers' compensation
insurance policies to professional employee organizations.  On
July 12, 2006, a grand jury returned a twenty-three count
indictment against King, charging him with wire fraud, mail
fraud, and money laundering (Doc. # 1).  The indictment
contained a forfeiture provision, pursuant to 18 U.S.C. §
981(a)(1)(C); 28 U.S.C. § 2461(c); and 18 U.S.C. § 982(a)(1),
which called for forfeiture of specified and substitute
assets.

On September 14, 2006, after a three week jury trial,
King was found guilty of ten counts of mail fraud, ten counts

of wire fraud, and three counts of money laundering (Doc. # 204).

II. **Forfeiture Discussion**

On September 22, 2006, pursuant to a Joint Stipulation for Entry of an Order of Forfeiture (Doc. # 214), King agreed to forfeit to the United States the following:

(1) The sum of $250,000 in United States currency in lieu of forfeiture of specified and substitute asserts, both real and personal; and

(2) The sum of $3,373.69 held on deposit with the United States Marshals Service from the interlocutory sale of the 2003 Chevrolet 2003 Hummer H2.

On September 25, 2006, pursuant to the aforementioned Joint Stipulation and on behalf of King, the following two cashier's checks totaling $50,000 were deposited into the United States Marshals Service Seized Asset Deposit Fund on October 3, 2006:

(1) Bank of St. Augustine Check No. 11495, dated September 22, 2006, remitted by 360 Solutions, Inc. payable to the United States of America, in the amount of $25,000; and

(2) Compass Bank Official Check No. 11903495, dated September 25, 2006, remitted by Betty K. Booth, payable to the United States of America, in the amount of $25,000 (Doc.

# 229).

Thereafter, on January 8, 2006, pursuant to the terms of the Joint Stipulation and on behalf of King, Booth hand-delivered the following two cashier's checks totaling $200,000:

(1)  Compass Bank Official Check No. 12019579, dated January 8, 2007, remitted by Betty K. Booth, payable to the United States of America, in the amount of $196,200; and

(2)  Bank of St. Augustine Cashiers Check No. 13582, dated January 8, 2007, remitted by Jennifer King, payable to the United States of America, in the amount of $3,800. (Doc. # 248).

On June 21, 2007, the Court issued an Order of Final Judgment of Forfeiture (Doc. # 301). Booth filed a *pro se* motion for reconsideration (Doc. # 302), arguing, *inter alia*, that the funds that she tendered to the Government were not subject to forfeiture.

On July 5, 2007, the Government filed a motion seeking an order vacating the Court's Final Order of Forfeiture on the grounds that such order was entered prematurely. (Doc. # 303). The Court granted the Government's motion and vacated the Final Order of Forfeiture on July 5, 2007. (Doc. # 304).

On July 6, 2007, the United States sent Notices of Forfeiture of the funds to Betty K. Booth, Jennifer King, and 360 Business Solutions, Inc.

On July 10, 2007, Booth submitted a document entitled "Reply to Order to Vacate Order of Forfeiture." (Doc. # 307). Thereafter, on July 12, 2007, Booth filed her "Amended Reply to Order to Vacate Order of Forfeiture." (Doc. # 310).

By its present Motion, the Government seeks an order striking Booth's reply documents (Doc. ## 307 and 310) pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. The Government submits that Booth lacks standing to assert a claim of ownership in the funds because she has never filed a petition which meets either the technical or substantive requirements of 21 U.S.C. § 853(n)(3) and (6).

Booth failed to file a response to the Motion. Upon due consideration, the Court will grant the Government's Motion.

Booth's reply documents (Doc. ## 307 and 310) were not signed under penalty of perjury and these documents did not contain any description of her right, title, or interest in the funds, or the time and circumstances of her alleged acquisition of the funds as required by 21 U.S.C. § 853(n). Furthermore, Booth failed to comply with the substantive requirements of the statute. As explained in <u>United States</u>

4

v. Watkins, 320 F.3d 1279, 1282 (11th Cir. 2003), the criminal forfeiture statute protects only two classes of third party claimants: (1) those whose legal interests were superior to the defendant's at the time the interest of the United States vested through the commission of the act giving rise to forfeiture; and (2) a *bona fide* purchaser for value without knowledge of the "forfeitability" of the defendant's assets. Booth has neither demonstrated a superior right in the property nor that she was a bona fide purchaser for value.

Because Booth failed to comply with the requirements of 21 U.S.C. § 853(n)(3) and failed to establish a legal interest in the funds under 21 U.S.C. § 853(n)(6), she lacks standing to contest the forfeiture of the funds. Booth's reply documents will be stricken.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED**:

(1)  The United States' Motion to Strike Reply to Order to Vacate Order of Forfeiture (Doc. # 373) is **GRANTED.**

(2)  The Court finds that Betty K. Booth lacks standing to contest the forfeiture of the funds.

(3)  The Clerk is directed to **STRIKE** "Reply to Order to Vacate Order of Forfeiture" (Doc. # 307) and "Amended Reply to Order to Vacate Order of Forfeiture" (Doc. # 310).

**DONE** and **ORDERED** in Jacksonville, Florida, this <u>17th</u> day of August 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel and parties of Record