UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:07-cr-90-J-33HTS

JERRY M. BREWER
DONALD E. TOUCHET
RICHARD E. STANDRIDGE
ROBERT J. JENNINGS
JOSHUA A. POOLE
 a/k/a Josh Poole

**ORDER EXPANDING THE SCOPE OF THE DUTIES
OF THE RECEIVER TO INCLUDE RELATED CASES**

This cause comes before the Court pursuant the United States' Motion to Expand the Scope of the Duties of the Receiver to Include Related Case (Doc. # 562) filed on November 3, 2009. The United States seeks an order to expand the scope of the duties of Receiver Phillip S. Stenger with regard to additional assets in *United States v. Thomas D. King*, Case No. 3:06-cr-212-J-33MCR. The Court finds it appropriate to grant the Motion.

**IT IS THEREFORE ORDERED:**

1. This Court hereby takes exclusive jurisdiction and possession of the assets, monies, securities, choses in action, and properties, real and personal, tangible and intangible, of whatever kind and description, wherever situated, of the above-referenced defendant, Thomas D. King, which were formerly forfeited

or sought to be forfeited to the United States (currently defined herein as Receivership Assets, those assets which have been forfeited to the United States).

2. Phillip S. Stenger, Stenger & Stenger, P.C., 4095 Embassy Drive, S.E., Suite A, Grand Rapids, Michigan 49546, with the phone number of (616) 940-1190, facsimile number (616) 940-1192, is appointed Receiver for the Receivership Assets. The Receiver is hereby authorized to take and have possession of the Receivership Assets for the benefit of the victims. Until further order of this Court, the Receiver shall have complete and exclusive control, possession, and custody of all Receivership Assets.

3. All persons, including the above-referenced defendant, together with his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, shall promptly deliver to the Receiver all Receivership Assets in the possession or under the control of any one or more of them.

4. No other person or entity claiming the right to possess or operate or make decisions with respect to any Receivership Assets shall exercise any of their claimed rights or powers with respect to the Receivership Assets until further order of the Court;

    a. that all persons receiving notice of this order by personal service or otherwise, are restrained and enjoined from transacting the business

of, disposing, transferring, exchanging, assigning or in any way conveying any Receivership Assets except with the approval of the Receiver or further order of the Court;

    b. that the above-referenced defendant, his agents, servants, employees, attorneys, family members, and those persons in active concert or participation with him, shall cooperate fully with the Receiver in the marshaling, maintenance, or liquidation of the property described as the Receivership Assets above and shall provide the Receiver with immediate access to all documents of whatever nature which relate to the title, mortgages, liens or other encumbrances, valuations, taxes, registration, insurance, or which otherwise pertain to or relate to the identification, preservation and maintenance of the property;

    c. that the above-referenced defendant, his agents, servants, employees, attorneys, family members, and those persons in active concert or participation with him, shall cooperate with and assist the Receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the Receiver in the performance of his duties;

    d. that the above-referenced defendant, his agents, servants, employees, attorneys, family members and those persons in active concert or participation with him, be restrained from destroying, removing, mutilating, altering, concealing or disposing of in any manner, any books, records or other

documents relating to the Receivership Assets pending further order of this Court;

  e. that the Receiver and any person engaged or employed by the Receiver, be entitled to reasonable compensation from the assets of the Receivership Estate, subject to submission of a written application and approval by the Court; and

  f. that the Receiver apply to the Court, with notice to the United States and the above-referenced defendant, for the issuance of such other orders which may be necessary and appropriate to allow the Receiver to perform his duties and carry out the mandate of the Court.

**IT IS HEREBY FURTHER ORDERED:**

5. That the Receiver have and possess powers and rights to efficiently administer and manage the Receivership Assets during the pendency of the criminal matter, including but not limited to the power:

  a. to open bank account(s) in the name of the Receiver in which to place the funds taken into his custody, control and possession or thereafter received;

  b. to incur such expenses and make such disbursements from the funds so taken into his custody, control and possession or thereafter received, as may be necessary or advisable in the ordinary course of marshaling, maintenance, preservation, or liquidation of the Receivership Assets;

  c. to engage and employ such employees, accountants, attorneys, including the law firm of Stenger & Stenger, P.C., consultants as is necessary and proper for the marshaling, maintenance, preservation, or liquidation of the Receivership Assets;

  d. to take such other action as may be approved by the Court upon motion of the United States or the Receiver.

6. Also, until further Order of this Court, this Order prohibits the enforcement of any judgments against the Receivership Assets.

7. The Receiver and his retained personnel are entitled to reasonable compensation and expense reimbursement out of the Receivership Assets subject to approval by the Court.

8. The Receiver and his agents are entitled to rely on all outstanding rules of law and Court orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Receiver or his agents be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or agent for Receiver, nor shall the Receiver or his agents be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.  The Receiver and his agents shall be indemnified and held harmless

out of the Receivership Assets for all costs and expenses, including reasonable attorney fees, incurred as a result of such actions.

9. From time to time upon the application of the Receiver, the Court shall reissue this Order and upon application of the Receiver may amend this Order.

10. The Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary duties and obligations in this matter unless and until this Court so orders.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for all purposes. The Receiver is hereby authorized, empowered and directed to apply to this Court, with notice to the defendant named in this action, for issuance of such other orders as may be necessary and appropriate in order to carry out the mandate of this Court.

**IT IS FURTHER ORDERED** that this Order will remain in effect until modified by further Order of this Court.

Thus, the United States' Motion to Expand the Scope of the Duties of the Receiver to Include Related Case (Doc. # 562) is **GRANTED**. The Clerk is directed to file this Order in the present case as well as in the related case of *United States v. Thomas D. King*, Case No. 3:06-cr-212-J-33MCR.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 12th day of November 2009.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

c: Counsel of Record