UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 3:06-cr-212-J-33MCR

THOMAS D. KING
a/k/a Tom King
_____/

# ORDER

This cause comes before the Court pursuant to the government's Motion and Memorandum to Dismiss the Preliminary Order of Forfeiture (Doc. 253), which was filed on December 1, 2009. (Doc. 377).

On January 30, 2007, the Court entered a Preliminary Order of Forfeiture (Doc. 253) forfeiting to the United States the interest of Defendant, Thomas D. King, in the following:

    a.    the sum of $250,000.00 in U.S. currency in lieu of forfeiture of specified and substitute assets, and

    b.    the sum of $3,373.69 in U.S. currency in lieu of forfeiture of the 2003 Hummer H2.

On June 21, 2007, the Court entered an Order for final judgment of forfeiture (Doc. 301) for the above-referenced assets.

On June 25, 2007, Betty K. Booth filed a *pro se* motion for reconsideration of the Order for forfeiture. (Doc. 302). On July 5, 2007, the Court granted the government's motion (Doc. 303) to vacate the Order of forfeiture in order to

address Ms. Booth's allegations. (Doc. 304). On July 6, 2007, the government sent Notices of Forfeiture to Betty K. Booth, Jennifer King, and 360 Business Solutions, Inc.

On July 10 and 12, 2007, Ms. Booth submitted responses (Docs. 307 & 310) to the Order (Doc. 304) to vacate the order of forfeiture. On August 17, 2009, the Court entered an Order (Doc. 374) granting the government's motion (Doc. 373) to strike Ms. Booth's replies (Docs. 307 & 310) and found that Ms. Booth lacks standing to contest the forfeiture.

Thereafter, on November 12, 2009, the Court expanded the scope of the duties of the Receiver to include the above-referenced assets in the instant related case. (Doc. 376). Phillip S. Stenger was appointed a Receiver in *United States v. Brewer,* Case No. 3:07-cr-90-J-33HTS, to administer the collection, liquidation and distribution of forfeited assets seized from participants in workers' compensation insurance fraud schemes forming the basis of this and related criminal prosecutions. In response to that Order, the government now moves this Court for release of defendant's forfeited assets, after payment of expenses, into the custody and control of the Receiver appointed in that case for liquidation and disbursement for the benefit of the victims of the fraud scheme.

The government has the authority to forego forfeiture in favor of restitution. *See Lavin v. United States*, 299 F.3d 123, 127 (2d Cir. 2002) (holding that the government is entitled to retain forfeited property and use it to satisfy a restitution

obligation); *United States v. Frykholm*, 362 F.3d 413, 417 (7th Cir. 2004) (stating that "[28 U.S.C.] section 853(n)(1) allows the Attorney General to use forfeited assets for restitution"); *United States v. O'Connor*, 321 F. Supp. 2d 722, 729 (E.D. Vas. 2004) (finding it clear that "the government may, in appropriate circumstances, agree to restore or assign forfeited proceeds to the victims of the underlying criminal conduct"); *United States v. Stone,* CR407-228, 2008 U.S. Dist. LEXIS 98057, at *4 (S.D. Ga. Dec. 3, 2008)("Where seized property can be applied toward a defendant's restitution obligations, courts have recognized that the Government has a legitimate reason to keep that property.")

In this case, the government states that its intention is to return funds to the victims rather than forfeit the property to the government. The Court finds that it is appropriate to grant the government's request to release defendant's forfeited assets to the Receiver for restitution purposes.

Accordingly, it is now

**ORDERED, ADJUDGED and DECREED**:

(1) The government's motion to dismiss the Preliminary Order of Forfeiture (Doc. 377) is **GRANTED**;

(2) The January 30, 2007, Preliminary Order of Forfeiture (Doc. 253) is **VACATED**; and

(3) The United States Marshals Service is directed to release defendant's forfeited assets, after payment of expenses, into the

custody and control of the Receiver, Phillip s. Stenger, appointed in case number 3:07-cr-90-J-33HTS.

**DONE** and **ORDERED** in Jacksonville, Florida, this <u>2nd</u> day of December 2009.

                                                              _____
                                                              VIRGINIA M. HERNANDEZ COVINGTON
                                                              UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record